# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YU PING ZHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:13-cv-01734-RCJ-NJK |
| ) | |
| GREEN TREE BANK HOME LOANS SEYE, ) | **ORDER** |
| LLC et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of the foreclosure of real property. Defendants have moved to dismiss for failure to state a claim. For the reasons given herein, the Court grants the motion.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Yu Ping Zhen gave lender MTH Mortgage, LLC ("MTH") a thirty-year, fixed-rate promissory note (the "Note") for $215,000, secured by a deed of trust (the "DOT") against real property at 10324 South Dapple Gray Rd., Las Vegas, NV 89178 (the "Property") in favor of nominee/beneficiary Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), with trustee Chicago Title. (*See* Note, Feb. 8, 2006, ECF No. 8-2; DOT 1–3, Feb. 8, 2006, ECF No. 8-3). On March 14, 2012, Plaintiff transferred her interest in the Property to non-party ACLUB2000 INC. (*See* Deed, Mar. 14, 2012, ECF No. 8-9).

MERS assigned its own interest in the DOT and MTH's interest in the Note to Defendant Green Tree Servicing LLC ("Green Tree"). (*See* Assignment, Apr. 25, 2012, ECF No. 8-4). Green Tree substituted Clear Recon Corp. as trustee. (*See* Substitution, Feb. 18, 2013, ECF No.

8-5). Clear Recon Corp. file a Notice of Default ("NOD") and the required Affidavit of Authority ("AA"). (*See* NOD, Apr. 3, 2013, ECF No. 8-6). The Nevada Foreclosure Mediation Program ("FMP") issued the Certificate permitting foreclosure to proceed because the FMP Program did not apply to the Property. (*See* FMP Certificate, Aug. 8, 2013, ECF No. 8-7). Clear Recon Corp. noticed a trustee's sale for October 10, 2013. (*See* Notice of Sale, Sept. 13, 2013, ECF No. 8-8). Plaintiff sued Defendants in this Court for violations of RESPA and wrongful foreclosure.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

(2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.     ANALYSIS

The Court dismisses both the RESPA and wrongful foreclosure claims. As Defendants note, Plaintiff does not allege having sent any Defendant a qualified written request under 12 U.S.C. § 2601, that Green Tree is a "servicer" under § 2605, or that Plaintiff suffered any actual damages. The only questions that Plaintiff implies she would like to have answered via a

1  putative qualified written request pertain to the ownership of the Note and DOT and whether the
2  two have been split in such a way that foreclosure may not be possible.  The public records
3  adduced, however, of which the Court takes judicial notice, indicate that although the mortgage
4  was split at the time of issuance, the split was cured via MERS' later assignment of its own
5  interest in the DOT, along with the lender's interest in the Note, to the same assignee, Green
6  Tree. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–61 (Nev. 2012).  The later
7  foreclosure appears to have been statutorily proper, and there is no allegation of a lack of default.
8  Finally, the Court notes that Plaintiff has no standing to complain of improper foreclosure, as she
9  appears to have transferred her interest in the Property.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS SO ORDERED.

Dated this 7th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge